DAVID B. BARLOW, United States Attorney (#13117)
WILLIAM K. KENDALL, Assistant United States Attorney (#7906)
STEPHEN L. NELSON, Special Assistant United States Attorney (#9547)
J. DREW YEATES, Assistant United States Attorney (#9811)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 2:08-CR-758 TC |
| Plaintiff, | : | |
| vs. | : | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE COOPERATING WITNESS |
| SIALE ANGILAU, | : | |
| Defendant. | : | Judge Tena Campbell |

The United States of America, by and through the undersigned Assistant United States Attorney, hereby responds to Defendant's Motion to Exclude Cooperating Witness and requests that the court deny Defendant's motion.

BACKGROUND

On June 2, 2010, Angilau filed a request for discovery, including witness statements and impeachment information.  (Doc. 212.)   November 2, 2010, the court granted Angilau's motion and ordered the United States to produce discovery by November 23, 2010.   (Doc. 353.) In response, the United States sought permission from this Court to delay producing discovery regarding its cooperating witness until two weeks before trial.   The sealed ex parte motion

1

identified the confidential informant as "a former, and recent, member of TCG who has agreed to cooperate with the United States in the prosecution of this case."  (Sealed Motion at 2.)[1]  The government argued that, based on the potential for retaliatory violence by other members of TCG, earlier "disclosure of the existence of an informant and the informant's identity are unnecessary and outweighed by the need to protect that informant."  (*Id*.)  This Court agreed with the government's position and granted the motion.  (Sealed Order.)

Since that time, the government developed the current confidential informant, who is another former, and recent, member of TCG who has agreed to cooperate with the United States. The safety concerns that animated the Court's prior order delaying disclosure of the government's prior confidential informant applied with equal force to the current informant.

No later than January 8, 2014, the United States advised defense counsel that it had a confidential informant from within TCG and, pursuant to this Court's prior order, discovery relating to the cooperating witness would be provided two weeks before trial.  Defense counsel voiced no objections to the proposed procedure and filed no motion to compel earlier disclosure.

On the morning of Tuesday, April 8, 2014, the United States provided defense counsel with all discovery relating to the confidential informant, including the cooperation agreement containing all promises of leniency, as well as the confidential informant's prior recorded statements and criminal history.  (Doc. 1586.)  On Friday, April 11, 2014, the defendant filed a motion to exclude based on his right to confrontation under the Sixth Amendment and a purported violation of Federal Rule of Criminal Procedure 16(c).  (Doc. 1590.)

---

[1] United States attempted to obtain a copy of the sealed motion and order, but the clerk's office was unable to locate the documents in the court's file.  Quotations are based on the electronic copy of the motion in the government's files.

DISCUSSION

1. The Government Committed No Discovery Violation Because this Court's Prior Order Authorized Delayed Disclosure of the Government's Confidential Informant.

As an initial matter, there was no discovery violation in this case. The United States previously obtained this Court's authorization to delay the disclosure of its confidential informant until two weeks before trial. Although the identity of the government's cooperating TCG witness changed, the Court's prior order was not limited to a particular witness and delayed disclosure of the current cooperator's identity was justified for the same reasons.

Out of an abundance of caution, the United States notified the defense more than three months ago that it intended to call a cooperating witness and that, based on safety concerns and this Court's prior order, the government would produce discovery relating to that witness two weeks prior to trial. When the defense did not voice concerns or file a motion to compel earlier disclosure, the government proceeded on the assumption that there was no objection to this procedure. Because the government's delayed disclosure was substantially in accordance with this Court's earlier ruling,[2] there was no discovery violation.

2. Even Assuming a Discovery Violation, Excluding the Cooperating Witness's Testimony Is Not an Appropriate Sanction.

Even if a discovery violation occurred, this Court should deny the defense request to exclude the cooperating witness's testimony. In selecting a proper sanction for a discovery violation, "the district court should consider '(1) the reasons the government delayed producing requested materials, including whether the government acted in bad faith; (2) the extent of prejudice to the defendant as a result of the delay; and (3) the feasibility of curing any prejudice

---

[2] The government acknowledges that the discovery was produced just short of two weeks prior to trial.

with a continuance.'"   *United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002) (citation omitted).   Each of these factors weighs heavily against the defendant's motion to exclude.

First, the government acted in good faith in delaying the disclosure of the confidential informant.   "In the absence of a finding of bad faith, the court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order." *Golyansky*, 291 F.3d at 1249.   The Tenth Circuit has recognized that "[i]t would be a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceedings."   *Id.*

In this case, the United States delayed disclosure of the cooperating witness in good faith reliance on this Court's prior order.   It was not unreasonable to assume that the Court's prior order would apply equally to any other similarly situated cooperator within TCG.   While the United States withheld the cooperator's identity based on safety concerns, it notified defense counsel that it had a cooperating witness more than three months ago to avoid undue surprise. The government's actions in notifying the defense counsel of the existence of a cooperator within TCG, demonstrates that the government's reason for delaying disclosure was legitimate concern for the cooperator's safety, not a bad faith attempt to prejudice the defense.

Second, the defendant has not suffered unfair prejudice as a result of the delayed disclosure.   "To support a finding of prejudice, the court must determine that the delay impacted the defendant's ability to prepare or present its case."   *Golyansky*, 291 F.3d at 1250. The defendant has not explained why the two week period between the disclosure and the witness's anticipated testimony is insufficient time to prepare for cross examination.

Moreover, the defense could have easily avoided the claimed prejudice by filing a motion to compel disclosure of the cooperating witness two months ago. The defense was notified no later than January 8, 2014, that the government intended to delay producing discovery relating to a confidential informant within TCG. Yet the defense waited until that discovery was produced and then filed a motion to exclude the government's witness a week before trial. Any claimed prejudice is largely of the defense's own making.

Finally, exclusion of testimony is unwarranted where any prejudice could be easily cured with a continuance. "In considering the feasibility of curing Defendants' prejudice through a continuance, the court should consider whether a continuance will effectively cure the unfair surprise suffered as a result of the Government's delayed disclosure." *Golyansky*, 291 F.3d at 1250. As explained above, there was no unfair surprise in this case. Although the defense was notified of the government's intention to delay disclosure of discovery relating to a cooperating witness, it chose to forego a motion to compel earlier disclosure.

Even assuming that the defendant has suffered unfair prejudice, there is no reason why a continuance would not be sufficient to cure the prejudice. Given the length of time the charges have been pending and the substantial preparations already undertaken for trial, a continuance of the trial date would be unjustified.

## CONCLUSION

For the foregoing reasons, the United States requests that this Court deny the defendant's Motion to Exclude Cooperating Witness on the grounds that no discovery violation occurred in this case, there was no unfair surprise, and no prejudice to the defense. In the event this Court determines that the defendant was in some way unfairly prejudiced by the delayed disclosure, this Court should recognize that it was largely of the defense's own making and impose the least

severe sanction necessary to ensure that the defense has adequate time to prepare for the cooperating witness's testimony.

    DATED April 15, 2014.

                                        DAVID B. BARLOW
                                        United States Attorney

                                        */s/ Wm K Kendall*
                                        _____
                                        William. K. Kendall
                                        Assistant United States Attorney