Michael J. Langford, Utah State Bar #9682
LAW OFFICE OF MICHAEL J. LANGFORD, P.C.
43 East, 400 South
Salt Lake City, Utah 84111
Telephone: (801) 328-4090
Fax: (801) 746-5613
Email: Michael@mjl-law.com

Attorney for Siale Angilau

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **REPLY TO GOVERNMENTS'S RESPONSE REGARDING EXCLUSION OF** |
| Plaintiff, | : | **COOPERATING WITNESS** |
| v. | : | |
| SIALE ANGILAU, | : | CASE NO.  2:08-CR-00758 |
| Defendant. | : | Judge TENA CAMPBELL |

_____

Defendant Siale Angilau by and through his attorney, Michael Langford hereby replies to the Government's response to the previous motion to exclude the government's cooperating witness.

## THE COOPERATING WITNESS

To reiterate, on Tuesday April 8th, 2014, less than two weeks before the beginning of trial, the Government disclosed the identity of the cooperating witness that they intend to call. The defense is speculating but believes the cooperating witness is a Government witness regarding TCG, its structure, its participants, and its history. The cooperating witness has an extensive criminal history, and is currently implicated in a state homicide case. Further, Mr. Angilau is surprised by the introduction of this cooperating witness.

The Government asserts that the cooperating witness was not revealed to the defense pursuant to a sealed ex parte motion. Mr. Angilau has not had a chance to review the order, but relies on the Government's construction of it as protecting the identity of , "a former, and recent, member of TCG who has agreed to cooperate with the United States in the prosecution of this case." To the extent that the original order was not for this particular individual, Mr. Angilau questions whether the ex parte in camera review would properly cover the identity of this cooperating witness. Mr. Angilau objects to the Government, unilaterally, applying one order for one protected witness to a second protected witness.

## ARGUMENT

To briefly reiterate the previous argument, the Government's use of the cooperating witness implicates Mr. Angilau's Sixth Amendment rights. An effective confrontation of Government witnesses requires investigation and research in preparation for thorough cross examination. The right of confrontation implicates information controlled by the Government concerning the credibility of their witnesses. *Crawford v. Washington,* 541 U.S. 36, 42 (2004); *Giglio v. United States*, 405 U.S. 150, 154 (1972),

*citing Napue v. Illinois*, 360 U.S. 264, 269 (1959). Mr. Angilau seeks to have the cooperating witness disqualified as a witness or alternatively seeks a continuance so that he may research and prepare to cross examine this witness.

    1. The Government cannot unilaterally rely on a distinct discovery order.

The Government asserts that there is not a discovery violation in this case, because they relied on a previous order to keep a witness sealed. Mr. Angilau is not privy to either the order or the in camera review that procured it. Mr. Angilau asserts, first, that the Government, "is not to decide for the court what is admissible and for the defense what is useful." *United States v. Hibler*, 463 F. 2d 455, 459-60, citing: *Berger v. United States*, 295 U.S. 78, 88 (1935) and *Griffin v. United States,* 1950, 87 U.S. App. D.C. 172, 183 F.2d 990, 993. And further that the Government, with a disparity in investigative power, should not unilaterally- without the District Court- chose when or which significant witnesses to reveal. *Jackson v. Wainwright,* 390 F. 2d 288, 298 (5th Cir. 1968), citing Application of Kapatos, 208 F.Supp. 883, 888 (S.D.N.Y. 1962). Mr. Angilau, however, can only speculate to the exact language of the order and previous evaluation by the Court. Mr. Angilau's concern is only that the non-disclosure of the cooperating witness was unilaterally made by the Government.

As to the Government's second point, the defense did not file a motion to compel for two reasons. First, the Defense believed the Government would rely on the same witness from the previous TCG Trial, and prepared as such. And second, the Defense is not required to hound the prosecution for disclosure of important discovery that impacts Government witness credibility. *Giglio v. United States*, 405 U.S. 150, 154 (1972), *citing Napue v. Illinois*, 360 U.S. 264, 269.

2. The appropriate Remedy.

The Defense agrees with the Government that the proper analysis in deciding whether to exclude the cooperating witness or grant a continuance is, (1) the reasons the government delayed producing requested materials, including whether the government acted in bad faith; (2) the extent of prejudice to the defendant as a result of the delay; and (3) the feasibility of curing any prejudice with a continuance.'" United States v. Golyansky, 291 F.3d 1245, 1249 (10th Cir. 2002). Without reiterating its previous argument, the Defense contends that the Government unilaterally applied an order to a new witness without an in camera review, that the Government produced a witness less than two weeks before trial, that that witness implicates Mr. Angilau as being involved in TCG before Mr. Angilau's maturation, Mr. Angilau's family, including his two brothers, many crimes of violence, including a pending state homicide case, and requires an investigation into his credibility, associations, crimes, possible conflicts of interest, and purpose at trial.

## CONCLUSION

Mr. Angilau respects the time that his case has been pending before the Court. Mr. Angilau's design is not to disrupt proceedings, but to properly defend himself against a potentially devastating witness with highly suspect integrity, credibility, and first-hand knowledge. Without investigative time Mr. Angilau will not be able to address the cooperating witness' knowledge base, social bias, and relevance to the elements of conspiracy. Alternatively, Mr. Angilau does not object, to excluding the cooperating

witness. An exclusion of the cooperating witness should not prejudice the Government's case.

DATED this 17th day of April, 2014

/s/ Michael J. Langford
_____
MICHAEL J. LANGFORD
Attorney for Siale Angilau

CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April, 2014, I filed the above reply using the CM/ECF electronic filing system which provided notice to the following:

William Kendall
United States Attorney's Office
185 South State Street, Suite 400
Salt Lake City, UT 84111


                                                *Jayme Mackay*               .